**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **GLENN L. MARTIKEAN** ) | |
| **ID # 06601-027,** ) | |
| Plaintiff, ) | |
| vs. ) | No.  3:11-CV-1774-M-BH |
| ) | |
| **UNITED STATES OF AMERICA, et al.,** ) | |
| Defendants. ) | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to Special Order No. 3-251, this case has been automatically referred for pretrial management.  Before the Court is Plaintiff's *Motion for Request for Order Enjoining the Bureau of Prisons from Transferring Plaintiff During the Pending of this Action*, received April 26, 2012 (doc. 24).  Based on the relevant filings and applicable law, the motion should be **DENIED**.

**I.**

Plaintiff Glenn L. Martikean (Plaintiff) sues the United States under the Federal Tort Claims Act (FTCA) because of the medical care he received for a detached retina in his left eye and basal cell carcinoma on his nose.  He now seeks an order prohibiting prison officials from transferring him to another federal facility while his lawsuit is pending.  His motion is liberally construed as seeking a temporary restraining order (TRO) or preliminary injunction under Rule 65.

**II.**

A preliminary injunction can be issued only after notice to the adverse party.  *See* Fed. R. Civ. P. 65(a)(1).  Although a court may issue a TRO without notice to the adverse party, it may only do so if:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and

   (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show that he or she is entitled to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).

  Plaintiff has not shown that he has given notice of his request for injunctive relief. Neither has he satisfied the requirements for a TRO under Rule 65(b) by submitting an affidavit or verified complaint which clearly shows an immediate, irreparable injury, loss, or damage that will result before the defendants can be heard in opposition, and by providing a written certification of the efforts made to give notice or proffering reasons why notice should not be required. His motion for injunctive relief is subject to denial for this reason alone.

### III.

  Plaintiff must also satisfy the substantive requirements for a preliminary injunction to obtain a TRO. Issuing an injunction "is an extraordinary and drastic remedy, not to be granted routinely, but only when the movant, by a clear showing, carries the burden of persuasion." *White v. Carlucci*, 862 F.2d 1209, 1211 (5th Cir. 1989). A preliminary injunction is the exception, not the rule. *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985). To obtain a preliminary injunction, the movant must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury outweighs any damage the order might cause to the respondent; and (4) that the injunction will not disserve the public interest. *Enrique Bernat F., S.A. v. Guadalajara, Inc.*, 210 F.3d 439, 442 (5th Cir. 2000). If the movant fails to carry the "heavy burden" to show each of these prerequisites, a preliminary injunction is not warranted. *See Enterprise Int'l, Inc. v. Corporacion Estatal Petrolera Ecuatoriana*, 762 F.2d 464, 472 (5th Cir. 1985). Furthermore, in the prison setting,

requests for a preliminary injunction are "viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration.'" *Goff v. Harper*, 60 F.3d 518, 520 (8th Cir. 1995) (quoting *Rogers v. Scurr*, 676 F.2d 1211, 1214 (8th Cir. 1982)). "Except in extreme circumstances", the "federal courts are reluctant to interfere" with matters of prison administration and management, such as prison discipline and classification of inmates. *Young v. Wainwright*, 449 F.2d 338, 339 (5th Cir. 1971) (affirming denial of injunction to obtain release from administrative segregation).

Here, Plaintiff has neither alleged nor shown either a substantial likelihood that he will prevail on the merits of his claim. He does not have a protected liberty interest in where he is placed, *see Meachum v. Fano,* 427 U.S. 215, 225 (1976), or a constitutional right to be incarcerated in a certain facility or unit, *see Olim v. Wakinekona,* 461 U.S. 238, 245 (1983). *Cf. Ready v. Fleming*, 2002 WL 1610584 (N.D. Tex. July 19, 2002). Nor has he alleged or shown that there is a substantial threat of irreparable injury if an injunctive relief is not granted. The sole basis for Plaintiff's request is his assertion that it will be easier for him to prosecute his lawsuit if he remains at his current facility. Although he claims to fear transfer and other retaliation, he has not identified any specific basis for his fear, and he has not alleged or shown that an injunction is necessary to protect his interests in this case. *See Basey v. Mooneyham,* 172 Fed. App'x 582, 584 (5th Cir. Mar. 27, 2006) (denying request for injunction and prison unit transfer where no evidence in record to support plaintiff's allegation of being in "imminent danger"); *Howenstine v. Thaler,* 2009 WL 4825227, *2-4 (S.D.Tex. Dec. 8, 2009) (recommending denial of injunctive relief to prohibit transfer based on lack of evidence to support conclusory assertions that petitioner was about to be transferred or that transfer was intended to thwart petition); *Adams v. Epps*, 2009 WL 235624 (S.D. Miss. Jan.

3

30, 2009) (recommending denial of injunctive relief to prohibit transfer where plaintiff had not established that he is going to be transferred anywhere, but only made "vague and unsubstantiated allegation[s]" of a de facto policy of transferring inmates who filed lawsuits). Plaintiff has not made the necessary showing for entitlement to injunctive relief in this case.

## IV.

Plaintiff's motion for injunctive relief should be **DENIED**.

**SO RECOMMENDED** this 1st day of May, 2012.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE


**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4