IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| GLENN L. MARTIKEAN ) | |
| ID # 06601-027, ) | |
|     Plaintiff, ) | |
| vs. ) | No.  3:11-CV-1774-M-BH |
| ) | |
| UNITED STATES OF AMERICA, et al., ) | |
|     Defendants. ) | Referred for Pretrial Management |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been automatically referred for pretrial management.  Before the Court is *Defendant United States' Motion for Summary Judgment and Brief in Support*, filed March 25, 2013 (doc. 63).  Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I.  BACKGROUND

On July 20, 2011, Glenn Martikean (Plaintiff) filed this action against the United States, numerous Bureau of Prison (BOP) employees at four different prison units in four different states, including the Federal Correctional Institution at Seagoville, Texas (FCI-Seagoville), and employees of Parkland Hospital.  (*See* Compl. at 10-22, 27-35).[1]  He claimed that he received inadequate and negligent care for a detached retina in his left eye and basal cell carcinoma on his nose, and that the defendants failed to properly handle his medical records.  (Compl. at 1, 8-9; Magistrate Judge's Questionnaire[2] (MJQ) Ans. 1-10.)  Plaintiff asserted constitutional claims against the BOP and Parkland employees pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of*

---

[1] The claims against BOP employees in other states were transferred to the appropriate districts on October 18, 2011.  (*See* doc. 7).

[2] Plaintiff's answers to the questions in the MJQs constitute an amendment to the complaint.  *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

*Narcotics*, 403 U.S. 388 (1971), negligence claims against the United States pursuant to the Federal Tort Claims Act (FTCA), and claims for violations of 18 U.S.C. § 4042, the Code of Federal Regulations, and internal Bureau of Prisons (BOP) directives. *Id*. On June 4, 2012, the Court dismissed all of Plaintiff's claims except for the FTCA claims against the United States. (*See* docs. 15, 30-31).

Defendant moves for summary judgment on the ground that Plaintiff failed to designate a medical expert, as required under Texas law when asserting a medical malpractice claim. (*See* docs. 47-48). Plaintiff responded that he had designated an expert witness when he mailed an affidavit from Dr. George E. Kabacy, in support of a motion for the appointment of an expert. Plaintiff also attached an amended affidavit from Dr. Kabacy to his response to the motion for summary judgment. (*See* doc. 75). Defendant did not file a reply brief.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c)(2). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id.* Typically, a movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The pleadings, discovery and disclosure materials on file, and affidavits, if any, must demonstrate that no genuine issue of material fact exists. FED. R. CIV. P. 56(C).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Instead, the non-movant must show that the evidence is sufficient to support a resolution of the factual issue in his favor. *Anderson*, 477 U.S. at 249.

While all of the evidence must be viewed in a light most favorable to the motion's opponent, *id*. at 255, neither conclusory allegations nor unsubstantiated assertions will satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir.1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to his case and as to which he will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See*, *e.g.*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

### III. DESIGNATION OF EXPERT

Defendant contends that there is no genuine issue of fact with respect to Plaintiff's medical negligence claims because he has failed to designate a medical expert to establish the required standard of care for the medical treatment he received for a detached retina in his left eye and basal cell carcinoma on his nose.

"In the FTCA, Congress waived the United States' sovereign immunity for claims arising out of torts committed by federal employees." *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214 (2008); *see also* 28 U.S.C. §§ 1346(b)(1), 2671-2680. The FTCA shields federal officers from official capacity suits because these types of suits are actually against the government. *See Smart v. Holder*, No. 09-50796, 2010 WL 759164, at *2 (5th Cir. Mar. 5, 2010) (citing *Boehms v. Crowell*, 139 F.3d 452, 462-63 (5th Cir. 1998); *S. Sog, Inc. v. Roland*, 644 F.2d 376, 380 (5th Cir. Unit A May 1981)). Any claims against them in their official capacities are treated as a suit against the United States. *Connor v. Matthews*, 134 F.Supp.2d 797, 799 (N.D. Tex. 2001).[3] To successfully sue under the FTCA, a claim must be: 1) against the United States; 2) for money damages; 3) for injury or loss of property, or personal injury or death; 4) caused by the negligent or wrongful act or omission of any employee of the federal government; 5) while acting within the scope of his or her employment; and 6) under circumstances where the United States, if a private person, would be liable to the plaintiff in accordance with the state law where the act or omission occurred. 28 U.S.C. § 1346(b); *FDIC v. Meyer*, 510 U.S. 471, 477-78 (1994).

In FTCA cases, state law controls liability for medical malpractice claims. *Hannah v. United*

---

[3] The only proper defendant in an FTCA action is the United States. *See* 28 U.S.C. § 2679(a); *Galvin v. Occupational Safety & Health Admin.*, 860 F.2d 181, 183 (5th Cir. 1988). Individual defendants cannot be sued under the FTCA in their individual capacities. *Id.*

*States*, 523 F.3d 597, 601 (5th Cir. 2008).  Because the alleged medical malpractice took place in Texas, its law controls.  Under Texas law, when a plaintiff asserts a medical malpractice claim, including a claim that a lack of treatment resulted in injury or death, he bears the burden of proving: (1) a duty to act according to an applicable standard of care; (2) a breach of that standard of care; (3) injury; and (4) causation.  *Id*. at 601, *citing Quijano v. United States*, 325 F.3d 564, 567 (5th Cir. 2003).  "Unless the mode or form of treatment is a matter of common knowledge or is within the experience of the layman, expert testimony will be required" to meet a plaintiff's burden of proof. *Hannah*, 523 F.3d at 601, *quoting Hood v. Phillips*, 554 S.W.2d 160, 165-66 (Tex. 1977).

The medical standard of care for a detached retina or basal cell carcinoma is neither a matter of common knowledge nor within the general experience of a layperson, so Plaintiff must produce expert testimony to establish the applicable standard of care and to demonstrate that the treatment he received breached that standard.  *See Prindle v. United States*, 2011 WL 1869795, *1-2 (N.D. Tex. May 13, 2011) (holding that expert testimony is required to establish the standard of care with respect to a FTCA claim that medical personnel were negligent in failing to diagnose and treat renal cell carcinoma); *Woods v. United States Gov't*, 2010 WL 809601, *3 (N.D. Tex. Mar. 8, 2010) (holding that expert testimony is necessary to establish the standard of care with respect to a FTCA claim that the VA doctor committed medical malpractice by prescribing a cholesterol medication that interacted with the plaintiff's diabetes and liver disease).

By an order dated July 17, 2012, Plaintiff was required to designate expert witnesses and provide expert reports no later than December 17, 2012. (*See* doc. 39).  Plaintiff sought and was granted an extension of time until March 11, 2013, to designate expert witnesses and to provide expert reports.  (*See* docs. 44, 45).  On February 25, 2013, and March 7, 2013, Plaintiff mailed two

5

motions that included a sworn affidavit by Dr. George E. Kabacy. (*See* doc. 48 at 9, doc. 57 at 9).[4] According to Dr. Kabacy's affidavit, he is a retired medical doctor with forty years of experience as an OB-GYN doctor, and he lists his educational and professional experience. He has reviewed Plaintiff's medical records and personally examined him. In his opinion, the sore on the bridge of Plaintiff's nose should have been examined by a dermatologist within one to two months after he complained to prison authorities that it bled frequently and did not heal, rather than nine months later. He also opined that Plaintiff's complaint of a sudden decrease in vision, including a loss of peripheral vision, should have been considered an urgent situation that required quick examination by a specialist, and that the examination that was conducted by an ophthalmologist 49 days later and surgery 58 days later both occurred afer an excessive amount of time had passed. (*See* doc. 57 at 5-6). In his amended affidavit submitted with the response to the motion for summary judgment, Dr. Kabacy additionally avers that the doctors treating Plaintiff in the BOP breached the necessary standard of care and duty, and that this was the cause of Plaintiff's injuries and suffering. (*See* doc. 75 at 7).

The Fifth Circuit has held that a brief expert report that implicates the defendant by providing some theory of negligence is sufficient to satisfy a court order requiring the designation of an expert and his report where the court's order did not require the disclosure of a complete statement of all opinions. *Michaels v. Avitech, Inc.*, 202 F.3d 746, 749-50 (5th Cir. 2000). Although brief, Dr. Kabacy's affidavit does provide a theory of negligence by Defendant in failing to treat Plaintiff's medical conditions in a timely manner. Liberally construing Plaintiff's *pro se* pleadings and viewing

---

[4] *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

all of the evidence in a light most favorable to him, as required, the Court finds that Plaintiff has timely designated an expert who has provided a theory of negligence by Defendant. Defendant has failed to demonstrate that no genuine issue exists as to any material fact, or that it is entitled to judgment as a matter of law.

## IV. CONCLUSION

The defendant's summary judgment motion should be **DENIED**.

**SO RECOMMENDED** on this 15th day of January, 2014.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

The United States District Clerk shall serve a copy of these findings, conclusions and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within fourteen days after being served with a copy. A party filing objections must specifically identify those findings, conclusions or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions and recommendation within fourteen days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE